UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID JAMES MCNAMARA,

           Plaintiff,

    v.                                        Case No. 25-cv-0579-bhl

SHEBOYGAN COUNTY and STATE OF WISCONSIN,

           Defendants.

## SCREENING ORDER

On January 30, 2025, David James McNamara, proceeding without an attorney, filed a complaint using the Court's form for non-prisoner *pro se* filers. (ECF No. 1.) McNamara's complaint identifies two defendants: Sheboygan County and the State of Wisconsin; he invokes this Court's federal jurisdiction to seek an injunction and compensatory damages. (*Id.* at 4.) With his complaint, McNamara also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of McNamara's IFP motion and for the screening of his complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). McNamara's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). He represents that he is unemployed, single, and has no dependents. (ECF No. 2 at 1.) He receives $1,102.04 a month in disability benefits and has monthly expenses totaling $922. (*Id.* at 2–3.) He also reports $6,198 in savings. (*Id.* at 3.) He explains that he owes $155 for driving on a suspended license and pays $20 to go to his medical appointments, at least once per month. (*Id.* at 4.) McNamara's request for IFP will be denied. His monthly income exceeds his monthly expenses, and he has an additional $6,000 in the bank that

may be used to pay the filing fee. Accordingly, on this record, the Court cannot conclude that McNamara is unable to pay the required filing fee and his IFP motion is therefore denied.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

McNamara's factual allegations are difficult to follow. He says that child support employees made false and misleading statements to entrap him, perjured themselves, and committed fraud on the court. (ECF No. 1 at 2.) A court in Colorado issued a warrant for his arrest "to extort $8,000 from [him] or extradition." (*Id.*) Wisconsin judges and attorneys accused McNamara of faking a disability. (*Id.*) In a criminal case, a judge said that McNamara was guilty until proven innocent; McNamara notified the Wisconsin Attorney General and Governor, but neither took any action. (*Id.*) He says this has been going on since 1995 through the present day. (*Id.* at 3.)

## ANALYSIS

McNamara's allegations are insufficient to support a federal lawsuit. A complaint satisfies Federal Rule of Civil Procedure 8(a) when it provides a "short and plain statement of the claim showing that the pleader is entitled to relief" and provides a defendant with "fair notice" of the claim. *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), McNamara must plead facts sufficient to put each Defendant on notice of any claims against him or her. He has not done so: it is unclear what McNamara's injury is, what happened to result in his injury, and how the State of Wisconsin and the City of Sheboygan were personally involved in causing the injury.

McNamara references the Americans with Disabilities Act (ADA) and 18 U.S.C. § 242, but he does not allege facts sufficient to state a claim under either statute. The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004). McNamara does not allege how he believes he is disabled or how he believes either defendant discriminated against him based on that unidentified disability. Section 242 is a criminal statute that does not give rise to civil liability. *See DirectTV, Inc. v. Tasche*, 316 F.Supp.2d 783, 785 (E.D. Wis. 2004) ("By itself, a criminal statute generally does not give rise to a private right of action." (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991))).

Because McNamara is acting without help from a lawyer, the Court will allow him the opportunity to file an amended complaint that cures the deficiencies identified in this order. To do so, McNamara must first pay the filing fee. If he decides to proceed with an amended complaint, McNamara should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. McNamara should set forth his allegations in short and plain statements, focusing on the *facts* of his case rather than abstract legal terms. He should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. And he should name as defendants *only* those specific individuals who are involved with the facts of his case. McNamara is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself, without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that McNamara's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that McNamara's Complaint, ECF No. 1, is **DISMISSED without prejudice**. If McNamara wishes to proceed with this lawsuit, he must pay the filing fee and file an amended complaint. An amended complaint must be filed with the Court on or before **May 29, 2025**. If the Court does not receive McNamara's amended complaint by that date, the case will be dismissed for his failure to prosecute pursuant to Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin on April 29, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge